UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GOLFVIEW MOTEL, INC.,

    Plaintiff,

v.                                            Case No.:   2:20-cv-831-FtM-38NPM

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

# **OPINION AND ORDER**[1]

Before the Court is Defendant Scottsdale Insurance Company's Motion to Dismiss Count II of the Amended Complaint for Failure to State a Claim (Doc. 18) and Plaintiff Golfview Motel, Inc.'s Response. (Doc. 14).

This case is about an insurance dispute. Golfview seeks reimbursement from its insurer, Scottsdale, for roof damage that Hurricane Irma caused to its property. Golfview claims Scottsdale has underpaid the reported loss. The two-count Amended Complaint is the operative pleading. It alleges breach of contract (Count I) and declaratory relief/judgment (Count II). Scottsdale has answered the Amended Complaint (Doc. 13) and has separately moved to

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

dismiss the declaratory judgment claim only (Doc. 14). The motion to dismiss is now before the Court.

A complaint must recite "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As stated, Scottsdale moves to dismiss the declaratory judgment claim. According to Scottsdale, Golfview does not actually seek a declaratory judgment and, in effect, seeks adjudication on the merits of the breach of contract claim. (Doc. 14). To state a claim for declaratory judgment, a party must identify a genuine dispute over "the existence or non-existence of some right or status." *Keiner v. Woody*, 399 So.2d 35, 37 (Dist. Ct. App. Fla. 1991). A court must dismiss a claim for declaratory judgment if it duplicates a claim for breach of contract and seeks adjudication on the merits of the breach of contract claim. *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of*

*Pittsburgh Pa.*, No. 11-21163-CIV, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012) (cleaned up).

Golfview does not identify a specific clause that requires Court clarification, nor does it allege doubt over the policy's provisions. To the contrary, it appears to assume the provisions are clear because it wants the contract interpreted in a way that requires Scottsdale to pay the claims made in its Amended Complaint. (Doc. 14 at ¶ 31). Identification of a contractual provision needing clarification is needed to state a claim for declaratory judgment, but Golfview Motel provides none. *See Miami Yacht*, 2012 WL 1416428, at *3 (citation omitted); *see also Lizano v. Geovera Specialty Insurance Company*, 2019 WL 5085311, at *2 (M.D. Fla. Apr. 3, 2019) (dismissing a declaratory judgment claim when the dispute was factual and plaintiff failed to point out an ambiguous clause). Rather than seek a clarification, Golfview's second count realleges its breach of contract claim in Count I. Golfview can obtain the relief it seeks through its first count. *See Waterford Condominium Association of Collier County v. Empire Indemnity Insurance Co.*, 2019 WL 5084138, at *2 (M.D. Fla. Mar. 18, 2019) (dismissing a declaratory judgment claim when the claim was duplicative). Its contention that courts often permit duplicative and redundant pleadings is inapplicable when it fails to identify an ambiguous provision. The Court thus grants Scottsdale's motion and dismisses Count II.

Accordingly, it is now

**ORDERED:**

(1) Defendant Scottsdale Insurance Company's Motion to Dismiss Count II of the Amended Complaint ([Doc. 14](#)) is **GRANTED.**

(2) Plaintiff Golfview Motel, Inc. must file a second complaint consistent with this Opinion and Order on or before **December 18, 2020.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 4, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4